## S02Y1592, S02Y1593, S02Y1594, S02Y1595, S02Y1596, S02Y1597, S03Y0074. IN THE MATTER OF JOHN WAYNE BROOM (seven cases).

(575 SE2d 492)

PER CURIAM.

These disciplinary matters are before the Court on seven Notices of Discipline for disbarment issued by the State Bar against Respondent John Wayne Broom pursuant to Bar Rule 4-208.1. In each case, a Notice of Investigation was served on Broom by publication with a contemporaneous mailing to the post office box address provided by Broom to the State Bar. In S02Y1592, S02Y1593, and S02Y1594, Broom sent a written response but failed to do so under oath and failed to address specifically all of the issues set forth in the Notices as required by Bar Rule 4-204.3 and accordingly, the written responses are not considered to be valid and Broom was suspended by this Court on June 26, 2002 for his failure to respond to the Notices of Investigation. In S02Y1595, S02Y1596, S02Y1597, and S03Y0074, Broom also failed to respond to the Notices as the Bar Rules require. A Notice of Discipline in each of the proceedings was mailed to Broom's post office box and after he failed to acknowledge service within 20 days of the mailing to his post office box, the Notices of Discipline were served on Broom by publication in the Fulton County Daily Report pursuant to Bar Rule 4-203.1 (b) (3) (ii) and, contemporaneously, a copy of the service documents was mailed by first class mail to Broom's post office box address. Broom failed to reject the Notices within 30 days of their publication as provided by Bar Rule 4-208.3 and, consequently, Broom is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.

*S02Y1592 (State Disciplinary Board ("SDB") Docket No. 4361):* In this matter, Broom agreed to represent a client in a personal injury action for injuries sustained in an August 1999 auto accident. Although the client made numerous calls to Broom requesting information on her case, Broom failed to return her calls; failed to inform her of the status of her case; failed to do anything to pursue her legal matter; and failed to return her file after she terminated his representation in a July 2001 letter and requested that the file be returned.

Based on this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client); and 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully

abandon or wilfully disregard a legal matter entrusted to him) of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client; reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him); 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information); 1.16 (requirements for a lawyer's withdrawal from a client matter); 8.4 (it shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to (a) (1) violate or attempt to violate the Georgia Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (a) (4) engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation); and 9.3 (during the investigation of a grievance filed under these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules).

*S02Y1593 (SDB Docket No. 4362)*: In this matter, Broom agreed to represent a client in a personal injury action for injuries sustained in a February 1999 auto accident. Although the client made numerous calls to Broom requesting information on her case, Broom returned only one or two of her calls and failed to keep her adequately informed of the status of her case. In February 2001, Broom filed suit on the client's behalf but he subsequently failed to claim a certified letter sent by the client requesting information regarding her case. After the client sent a letter terminating Broom's services and requesting the return of her file, Broom called the client asking for a second chance to settle the case. Broom, however, failed to settle the case or to do anything further to pursue the client's legal matter.

Based on this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Standards 4, 22, and 44 of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.3, 1.4, and 9.3.

*S02Y1594 (SDB Docket No. 4363)*: In this matter, Broom agreed to represent a client in a personal injury action for injuries sustained in an August 1999 auto accident. Although the client made numerous calls to Broom requesting information on her case, Broom failed to return her calls; failed to keep her informed of the status of her case; and failed to do anything to pursue the client's legal matter.

Based on this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Standards 22 and 44 of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.3,

1.4, 1.16, and 9.3.

*S02Y1595 (SDB Docket No. 4364)*: In this matter, Broom agreed to represent two clients in a personal injury action for injuries they sustained in a July 2000 auto accident. Although the clients made numerous calls to Broom requesting information on their case, sent three letters requesting a status report, and sent a letter in December 2001 requesting their file, Broom failed to return their calls or respond to their letters; failed to return their file; and failed to do anything to pursue their legal matter.

Based on this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Standards 22 and 44 of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.3, 1.4, 1.16, and 9.3.

*S02Y1596 (SDB Docket No. 4365)*: In this matter, Broom agreed to represent a client in a personal injury action for injuries sustained in an auto accident. Although the client made numerous calls to Broom requesting information on his case, Broom failed to return his calls; failed to communicate with the client regarding the status of his case; and failed to do anything to pursue the client's legal matter.

Based on this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Standards 22, 23 (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned), and 44 of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.3, 1.4, 1.16, and 9.3.

*S02Y1597 (SDB Docket No. 4366)*: In this matter, Broom agreed to represent a client in a personal injury action for injuries sustained in an October 1996 auto accident. Although the client made numerous calls to Broom requesting information on her case, Broom failed to return her calls and, although he contacted her in 1999 and told her that her case was still pending, the client learned that Broom had dismissed the case with the court without her authorization or knowledge.

Based on this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Standards 4, 22, 44, and 45 (in his representation of a client, a lawyer shall not knowingly make a false statement of law or fact; knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule; or institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from his client) of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued), 1.3, 1.4, 1.16, 8.4 (a) (4), and 9.3.

*S03Y0074 (SDB Docket No. 4418)*: In this matter, Broom agreed

to represent a client in a divorce action. When the client contacted Broom to determine the status of her case, Broom told her he had filed her petition for divorce and served it upon her husband. After the client learned that her husband had not received the divorce petition, she called Broom and left messages asking him to contact her regarding the case. Broom did not return the client's calls, failed to keep her informed as to the status of her case, and failed to do anything to pursue the divorce action.

Based upon this conduct, the Investigative Panel of the SDB found probable cause to believe that Broom violated Georgia Rules of Professional Conduct 1.3, 1.4, 1.16, 8.4, and 9.3.

We have reviewed the record and find that by his conduct in the above matters, Broom violated Standards 4, 22, 44, and 45 of Bar Rule 4-102 (d) and Georgia Rules of Professional Conduct 1.2, 1.3, 1.4, 1.16, 8.4, and 9.3, and that disbarment is the appropriate sanction. In aggravation of discipline, we note Broom's substantial experience in the practice of law, having been a member of the State Bar of Georgia since 1977, and that these cases considered together suggest a pattern of professional deception and client abandonment. Accordingly, John Wayne Broom hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.